UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| EDDIE TAYLOR, JR., )<br>)<br>Movant, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | No. 1:16-CV-149 CAS |

**MEMORANDUM AND ORDER**

This matter is before the Court on movant Eddie Taylor, Jr.'s motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, based on Johnson v. United States, 135 S. Ct. 2551 (2015). Johnson held that the Armed Career Criminal Act's ("ACCA")[1] residual clause is unconstitutional. The government opposes the motion, arguing that Johnson does not affect movant's sentence and he remains an armed career criminal. The government also argues that movant's motion actually seeks relief based on Descamps v. United States, 133 S. Ct. 2276 (2013), and Mathis v. United States, 136 S. Ct. 2243 (2016), decisions the government contends do not apply retroactively and offer movant no relief. For the reasons stated below, the Court will grant movant's motion.

**I. Background**

On March 10, 2005, movant was charged in a superseding indictment with distribution of cocaine base (Count I); possession of pseudoephedrine with intent to manufacture methamphetamine (Count II); attempting to manufacture fifty grams or more of methamphetamine (Count III); and being a felon in possession of ammunition (Count IV). On the day of trial, the government moved

---

[1]18 U.S.C. § 924(e).

to amend the superseding indictment to lessen the amount of methamphetamine charged in Count III from fifty grams or more to five grams or more. See United States v. Taylor, 1:04-CR-213 CAS (E.D. Mo.) (Doc. 76). Defense counsel did not object to the amendment, and the Court granted the government's motion. Count I was severed, and movant proceeded to trial on Counts II, III, and IV of the superseding indictment. On June 14, 2005, a jury found movant guilty on all three counts.

A presentence investigation report ("PSR") was prepared after movant's trial. The PSR stated that movant met the Career Offender provisions of United States Sentencing Guidelines ("U.S.S.G.") § 4B1.1 because he had at least two prior felony convictions for crimes of violence and/or controlled substance offenses. The prior convictions were for felony offenses of (1) burglary second degree, (2) unlawful use of a weapon, and (3) possession of a controlled substance with the intent to deliver. All of the prior convictions were in the Circuit Court of Pemiscot County, Missouri. Counts II and III were grouped for Sentencing Guideline calculation purposes pursuant to U.S.S.G. § 3D1.2(d), but Count IV was specifically excluded from grouping pursuant to U.S.S.G. § 3D1.2.

On August 16, 2005, the Court sentenced movant to a term of 210 months for the offense of possession with intent to manufacture methamphetamine in Count II, and 240 months for the offenses of attempting to manufacture five grams or more of methamphetamine and being a felon in possession of ammunition in Counts III and IV. The sentences were ordered to run concurrently. The Court imposed a three-year period of supervised release on Count II, an eight-year period of supervised release on Count III, and a five-year period of supervised release on Count IV.[2]

---

[2]The Judgment in a Criminal Case (Doc. 89) in United States v. Taylor, 1:04-CR-213 CAS, lists the Nature of Offense for Count IV as "Felon in Possession of a Firearm," rather than Felon in Possession of Ammunition.

On December 11, 2005, movant filed a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255, in which he asserted three grounds for relief. The Court denied the motion in all respects. See Taylor v. United States, No. 1:06-CV-182 CAS (E.D. Mo.), Order and Judgment of Oct. 17, 2008 (Docs. 24 and 25). The Eighth Circuit Court of Appeals denied movant's application for a certificate of appealability and dismissed the appeal. See Taylor v. United States, No. 08-3947 (8th Cir. Sept. 30, 2009). Movant subsequently filed a motion under Federal Rule of Civil Procedure 60(d) and another motion under § 2255, which this Court denied as successive.

After the Supreme Court decided Johnson, the Eighth Circuit granted movant's petition for authorization to file a successive habeas application in the district court. Taylor v. United States, No. 16-1129 (8th Cir. June 23, 2016).

## II. Legal Standard

A district court may vacate, set aside, or correct a federal sentence if "the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). Movant bears the burden to show he is entitled to relief. Day v. United States, 428 F.2d 1193, 1195 (8th Cir. 1970). In a case involving an ACCA conviction such as this one, "the movant carries the burden of showing that the Government did not prove by a preponderance of the evidence that his conviction fell under the ACCA." Hardman v. United States, 149 F.Supp.3d 1144, 1148 (W.D. Mo. 2016); see also Hardman v. United States, __ F.Supp.3d __, 2016 WL 3702798, at *2-3 (W.D. Mo. June 3, 2016) (denying government's motion for reconsideration on the issue of the burden of proof).

## III. Discussion

In the instant motion, movant asserts that his Missouri burglary second degree conviction no longer qualifies as a predicate offense now that Johnson has declared the ACCA's residual clause

3

unconstitutional. Movant concedes that his convictions for unlawful use of a weapon and possession of a controlled substance still count as convictions for ACCA purposes after Johnson. The government responds that despite Johnson, movant is still subject to the armed career criminal enhancement because his burglary conviction is an enumerated offense under a different clause of the ACCA. The government also asserts that movant's motion actually seeks to retroactively apply the holdings of the Supreme Court's Descamps and Mathis decisions, but these holdings may not be applied retroactively to cases on collateral review. In reply, movant agrees that Descamps and Mathis have not been made retroactive, but states his motion is not based on those cases and is instead based on Johnson, which has been made retroactive. Movant asserts, however, that Descamps and Mathis offer courts important instruction from the Supreme Court on how to analyze a state statute and apply Supreme Court precedent in determining whether a prior conviction is a crime of violence or a violent felony.

 *A. The Armed Career Criminal Act*

Movant's claim for relief relies on the interaction of several recent Supreme Court cases interpreting the ACCA. Ordinarily, the crime of felon in possession of ammunition in violation of 18 U.S.C. § 922(g) is subject to a maximum punishment of fifteen years. 18 U.S.C. § 924(a). The ACCA enhances the sentence and requires a fifteen-year minimum sentence if a person who violates § 922(g) has three previous convictions for a "violent felony." The statute defines violent felony as any felony that: "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*." 18 U.S.C. § 924(e)(2)(B) (emphasis added). The italicized language is commonly known as the

4

"residual clause," and is the portion of the statute that Johnson invalidated, see 135 S. Ct. at 2556-57. The remaining clauses, § 924(e)(2)(B)(i) (the "elements clause"), and the first clause of § 924(e)(2)(b)(ii) (the "enumerated offenses clause"), are still effective. Id. at 2563. Recently, the Supreme Court held that Johnson announced a new substantive rule that applies retroactively to cases on collateral review. Welch v. United States, 136 S. Ct. 1257, 1268 (2016).

*B. Legal Basis for Movant's Motion*

Movant asserts that his prior Missouri conviction for second-degree burglary qualified as a violent felony only under the ACCA's residual clause, and therefore his previously imposed sentence as an armed career criminal is unconstitutional.[3] The government responds that movant's burglary conviction still qualifies for the ACCA enhancement because the surviving definition of "violent felony" includes a felony conviction for "burglary" as one of four enumerated offenses. 18 U.S.C. § 924(e)(2)(B)(ii).

The Court first addresses the government's argument that movant seeks to improperly utilize the retroactive holding in Johnson to obtain collateral review of his prior conviction under Descamps, which is not retroactive. See Headbird v. United States, 813 F.3d 1092, 1097 (8th Cir. 2016) (holding that Descamps "was dictated by the general principles set forth in existing precedent and did not establish a new rule."). As this Court and other courts have recognized, it is Johnson, not Descamps, that may offer persons such as movant relief from his status as an armed career criminal. Hayes v. United States, 2016 WL 4206028, at *2 (E.D. Mo. Aug. 10, 2016); see also United States v. Ladwig, __ F.Supp.3d __, 2016 WL 3619640, at *4 (E.D. Wash. June 28, 2016).

---

[3] Both the PSR and the sentencing record are silent as to which of the ACCA's three clauses qualified the conviction as a predicate felony.

5

Even if Descamps were retroactive, movant would not have a claim that he is not an armed career criminal absent Johnson's invalidation of the residual clause, because the second-degree burglary conviction qualified as a predicate felony under the ACCA's residual clause. See United States v. Cantrell, 530 F.3d 684, 695-96 (8th Cir. 2008) (holding that Missouri's second-degree burglary offense was categorically a "crime of violence" despite the statute's broad definition of "inhabitable structure."). "Only with Johnson's invalidation of the residual clause could [movant] reasonably argue that he is no longer eligible for the ACCA enhancement." Ladwig, 2016 WL 3619640, at *4; see also Hayes, 2016 WL 4206028, at *2. Movant therefore does not seek to apply Descamps retroactively.

In June 2016, the Supreme Court decided Mathis, which holds that in determining whether a prior conviction qualifies as an ACCA predicate, the modified categorical approach of analysis cannot be used if the statute itemizes various factual means of committing a single element of a crime, instead of listing multiple elements disjunctively. Mathis, 136 S. Ct. at 2248-53. In Mathis, the Supreme Court held that because the elements of Iowa's burglary statute – which applies to "any building, structure, [or] land, water, or air vehicle" – are broader than those of generic "burglary" – which requires unlawful entry into a "building or other structure" – prior convictions under the Iowa burglary law cannot give rise to a sentence enhancement under the ACCA. Id. at 2256, 2257.

Although the Eighth Circuit has not addressed whether Mathis announced a new rule, the Supreme Court expressly stated that the decision followed decades of precedent:

> For **more than 25 years, we have repeatedly made clear that application of ACCA involves, and involves only, comparing elements**. Courts must ask whether the crime of conviction is the same as, or narrower than, the relevant generic offense. They may not ask whether the defendant's conduct–his particular means of committing the crime–falls within the generic definition. And that rule does not change when a statute happens to list possible alternative means of commission:

6

> Whether or not made explicit, they remain what they ever were–just the facts, which ACCA (so we have held, over and over) does not care about.

Mathis, 136 S. Ct. at 2257 (emphasis added); see also id. at 2251 ("Under our precedents, that undisputed disparity resolves this case. We have often held, and in no uncertain terms, that a state crime cannot qualify as an ACCA predicate if its elements are broader than those of a listed generic offense. See, e.g., Taylor [v. United States], 495 U.S. [575], at 602 [(1990)]."). Instead of announcing a new rule in Mathis, the Supreme Court "reiterated its prior holding that the modified categorical approach may not be used if the crime the defendant was convicted under has a single, indivisible, set of elements, and discussed the difference between 'elements' of an offense and the 'means' by which a defendant can satisfy an element." Traxler v. United States, 2016 WL 4536329, at *2 (W.D. Mich. Aug. 31, 2016) (citing Mathis, 136 S. Ct. at 2251).

As with Descamps, movant would have no claim that he was not an armed career criminal under Mathis, however, because his prior burglary second conviction would have qualified as a predicate felony under the ACCA's residual clause. It is only Johnson's invalidation of the residual clause that permits movant to argue he is no longer eligible for the ACCA enhancement. Movant's motion therefore does not seek to apply Mathis retroactively.

The government argues that the Court should not consider the holdings of Descamps and Mathis when determining whether application of the residual clause resulted in movant receiving an improper armed career criminal designation, because these decisions are statutory interpretation cases which are not retroactive. The Court disagrees. The Supreme Court expressly stated in Mathis that for more than a quarter century, its decisions have "repeatedly made clear that application of ACCA involves, and involves only, comparing elements." 136 S. Ct. at 2257. By applying the

7

teaching of Mathis to this case, this Court merely applies the law the Supreme Court articulated prior to the time movant was sentenced.

Further, as another district court has cogently explained, there is precedent for applying current case law to determine whether a movant's conviction qualifies as a predicate felony without the residual clause, and important policy considerations weigh against attempting to "recreate the legal landscape" that existed at the time of a defendant's conviction:

> [T]here is existing precedent for applying current case law when determining whether a constitutional error was harmless in the context of a motion under 28 U.S.C. § 2255. See Lockhart v. Fretwell, 506 U.S. 364, 371-72 (1993) (concluding that the prejudice prong of a Strickland-based § 2255 claim may be made with the benefit of the law at the time the claim is litigated); see also Mosby v. Senkowski, 470 F.3d 515, 524 (2d Cir. 2006) ("[T]he Supreme Court has held that current law should be applied retroactively for purposes of determining whether a party has demonstrated prejudiced under Strickland's second prong."). Moreover, and perhaps more importantly, considerations of public policy weigh strongly in favor of applying current law. Attempting to recreate the legal landscape at the time of a defendant's conviction is difficult enough on its own. But in the context of Johnson claims, the inquiry is made more difficult by the complicated nature of the legal issues involved. This area of the law has accurately been described as a "hopeless tangle," Murray v. United States, No. 96–CR–5367–RJB, 2015 WL 7313882 at *5 (W.D. Wash. November, 19, 2015), and has stymied law clerks and judges alike in a morass of inconsistent case law. An inquiry that requires judges to ignore intervening decisions that, to some degree, clear the mire of decisional law seems to beg courts to reach inconsistent results. Current case law has clarified the requisite analysis and applying that law should provide greater uniformity, helping to ensure that like defendants receive like relief. Indeed, when pressed at oral argument regarding these policy implications, the government acknowledged that its position required judges to ignore decisions that clarified grey areas of the law, precipitating potential inconsistency. Because there is precedent for doing so, and in consideration of the aforementioned problems raised by applying old law, the Court will apply current case law to determine whether Mr. Ladwig's convictions qualify as predicate felonies without the residual clause.

Ladwig, 2016 WL 3619640, at *5; see also Diaz v. US, 2016 WL 4524785, at *5 (W.D.N.Y. Aug. 30, 2016) (citing Ladwig with approval and applying current case law to determine whether movant has shown prejudice); Johnson v. United States, 2016 WL 6542860, at *2-3 (W.D. Mo. Nov. 1,

2016) (same); Haffner v. United States, 2016 WL 6897812, at *3 (W.D. Wash. Nov. 23, 2016) (same).

*C. Movant's Prior Conviction*

Movant argues that his Missouri second-degree burglary conviction no longer qualifies as a violent felony now that the ACCA's residual clause has been invalidated. The government responds that under United States v. Olsson, 742 F.3d 855 (8th Cir. 2014), Missouri second-degree burglary remains a violent felony under the ACCA.

The enumerated clause of the ACCA defines the term "violent felony" to include any felony, whether state or federal, that "is burglary, arson, or extortion." 18 U.S.C. § 924(e)(2)(B)(ii). A prior conviction will qualify as an ACCA predicate offense "if, but only if, its elements are the same as, or narrower than, those of the generic offense." Mathis, 136 S. Ct. at 2247. "That means as to burglary—the offense relevant in this case—that Congress meant a crime 'contain[ing] the following elements: an unlawful or unprivileged entry into . . . a building or other structure, with intent to commit a crime.'" Id. at 2248 (quoting Taylor, 495 U.S. at 598). "[I]f the crime of conviction covers any more conduct than the generic offense, then it is not an ACCA 'burglary'—even if the defendant's actual conduct (*i.e.*, the facts of the crime) fits within the generic offense's boundaries." Id.

"To determine whether a prior conviction is for generic burglary (or other listed crime) courts apply what is known as the categorical approach: They focus solely on whether the elements of the crime of conviction sufficiently match the elements of generic burglary, while ignoring the particular facts of the case." Id. at 2248 (citing Taylor, 495 U.S. at 600-01). The elements of a crime are "the things the prosecution must prove to sustain a conviction" and are "what the jury must

9

find beyond a reasonable doubt to convict the defendant[.]" Id. (citations and internal quotations omitted). In contrast, the facts of a crime are "extraneous to the crime's legal requirements" and have "no legal effect [or] consequence[.]" Id. (citations omitted).

At issue in Mathis was Iowa's burglary statute, which lists multiple, alternative means of satisfying one of its elements—the place where a burglary can occur. Id. at 2248, 2250. The generic offense of burglary requires unlawful entry into a "building or other structure." Id. at 2250 (citing Taylor, 495 U.S. at 598). In contrast, the Iowa statute describes a broader range of places where a burglary can be committed: "any building, structure *[or] land, water, or air vehicle*." Id. at 2250 (emphasis in original) (quoting Iowa Code § 702.12 (2013)). The Supreme Court concluded the statute's listed locations are not "alternative elements, going toward the creation of separate crimes" but rather are "alternative ways of satisfying a single locational element[.]" Id. (citations omitted). The Court held that Iowa's burglary statute was overbroad for the purposes of an ACCA enhancement because the statute's elements were broader than those of generic burglary. Id. at 2251, 2257.

Under Missouri law, "a person commits the crime of burglary in the second degree when he knowingly enters unlawfully or knowingly remains unlawfully in a building or inhabitable structure for the purpose of committing a crime therein.'" Mo. Rev. Stat. § 569.170.1 (2000). The statute does not define the term "building." Another statute defines the term "inhabitable structure" to include a "ship, trailer, sleeping car, airplane, or other vehicle or structure" where a person lives or carries on business; where people assemble for purposes of business, education, religion, government, entertainment, or public transportation; or is used for overnight accommodation. Mo. Rev. Stat. § 569.010(2) (2000). Under the statute, a vehicle or structure is inhabitable regardless of

whether a person is present. Id. Missouri's burglary statute, similar to Iowa's, lists a number of locations that can satisfy an element of the crime.

In United States v. Bess, the Eighth Circuit stated that Missouri's second-degree burglary statute covers a broader range of conduct than generic burglary, and therefore a conviction under the statute cannot qualify as a predicate violent felony under the categorical approach for ACCA sentencing. Bess, __ F. App'x __, 2016 WL 3923888, at *1 (8th Cir. July 21, 2016) (unpublished per curiam). The Eighth Circuit remanded Bess to this Court to determine in the first instance whether a Missouri second-degree burglary conviction may qualify as a predicate offense under the modified categorical approach. The Court stated that if the alternative phrases in the burglary statute – "building" and "inhabitable structure" – are means of committing the crime, rather than elements, then the statute is not divisible, the modified categorical approach is not available, and convictions under the statute do not qualify as ACCA predicate offenses. Id. at *2.

On remand to this Court, the Honorable E. Richard Webber examined the Missouri second-degree burglary statute and concluded that it includes alternative means, not elements, and therefore is indivisible. United States v. Bess, 2016 WL 6476539, at *4 (E.D. Mo. Nov. 2, 2016). As a result, Judge Webber held the modified categorical approach is not available and Missouri second-degree burglary convictions are not ACCA predicate offenses. Id. at *5. Judge Webber also stated that two other district courts have held that Missouri's second-degree burglary statute is indivisible and that convictions thereunder cannot be predicate violent felonies under the ACCA. Id. (citing Henderson v. United States, __ F.Supp.3d __, 2016 WL 4967898, at *5 (W.D. Mo. Sept. 16, 2016), and United

11

States v. Rockwell, __ F.Supp.3d __, 2016 WL 4939115, at *3 (W.D. Ark. Sept. 14, 2016)).[4] See also Johnson v. United States, 2016 WL 6542860, at *3 (W.D. Mo. Nov. 3, 2016) (same).

Because Missouri's second-degree burglary statute includes alternative means and is indivisible, the modified categorical approach is not available. Bess, 2016 WL 6476539, at *4. As a result, movant's Missouri second-degree burglary conviction is not an ACCA predicate offense, and movant has met his burden to show that his sentence is illegal because the burglary conviction could not have qualified as the necessary third ACCA conviction.

The government's reliance on Olsson, 742 F.3d 855, is not persuasive. In Olsson, the Eighth Circuit held that "the basic elements of the Missouri second-degree burglary statute are the same as those of the generic burglary offense," so that a conviction under the Missouri statute qualifies as a "crime of violence" under U.S.S.G. § 4B1.2(a), using the categorical approach. Id. at 856. As another district court has observed, however, Olsson's analysis was limited and contrary to prior Eighth Circuit precedent:

> In Olsson, . . . the Eighth Circuit never addressed the broad definition of "inhabitable structure" found in V.A.M.S. § 569.010(2) and restricted its review to the language of § 569.170. Because a reading of those provisions together reflects that the Missouri statute defines burglary more broadly than generic burglary, the court is not persuaded by the Olsson decision. Moreover, in other decisions, the Eighth Circuit has acknowledged that the Missouri burglary statute is broader than generic burglary as defined in Taylor. See United States v. Owens, 596 F.3d 430, 431 n.2 (8th Cir. 2010); United States v. Bell, 445 F.3d 1086, 1090-91 (8th Cir. 2006) (burglary under

---

[4]Judge Webber also stated that burglary "statutes similar to Missouri's have uniformly been declared to be indivisible and convictions under those statutes have been found not to qualify as predicate offenses." Bess, 2016 WL 6476539, at *5 (citing Wojcieszak v. United States, __ F.Supp.3d__, 2016 WL 3637274 (S.D. Fl. Jul. 1, 2016) (Florida statute); United States v. Edwards, 836 F.3d 831 (7th Cir. 2016) (Wisconsin statute); United States v. Ladwig, __ F.Supp.3d__, 2016 WL 3619640 (E.D. Wash. Jun. 28, 2016) (Washington statute); Sanchez v. United States, 2016 WL 4921029 (E.D. Tenn. Sept. 14, 2016) (New Jersey statute); and United States v. Ritchey, 840 F.3d 310 (6th Cir. 2016) (Michigan statute)).

Missouri statute is "broadly defined" to include ships, airplanes and vehicles but PSR revealed that defendant was convicted of entering a building).

United States v. James, __ F.Supp.3d __, 2016 WL 1359859, at *3 (D. Kan. Apr. 6, 2016).

If Olsson holds that Missouri second-degree burglary always matches generic burglary, its holding conflicts with the earlier Bell decision's use of the modified categorical approach on the second-degree burglary statute. Hardman, 2016 WL 3702798, at *2. "[W]hen faced with conflicting panel opinions, the earliest opinion must be followed 'as it should have controlled the subsequent panels that created the conflict.'" Mader v. United States, 654 F.3d 794, 800 (8th Cir. 2011) (en banc) (quoted case omitted). Bell and Olsson are both Eighth Circuit panel opinions but Bell was issued in 2006 and Olsson in 2014. Therefore, this Court must follow Bell and use the modified categorical approach. See Hardman, 2016 WL 3702798, at *2 ("Olsson is not binding authority on this Court because it contradicts an earlier line of Eighth Circuit authority exemplified by United States v. Bell, 445 F.3d 1086, 1090 (8th Cir. 2006).").

Further, Olsson is no longer controlling because it was decided prior to the Supreme Court's decisions in Johnson and Mathis. Compare United States v. Bell, __ F.3d __, 2016 WL 6311084, at *3 n.5 (8th Cir. Oct. 28, 2016), in which the Eighth Circuit stated that prior panel decisions suggesting that second-degree robbery under Missouri law would qualify as a crime of violence under the Guidelines "have no import here because they were decided prior to Johnson." (citing United States v. Anderson, 771 F.3d 1064, 1067 (8th Cir. 2014) ("explaining we are not bound by a prior panel decision when it 'is cast into doubt by an intervening Supreme Court decision'")).[5] See also Xiong v. State of Minn., 195 F.3d 424, 426 (8th Cir. 1999) (Eighth Circuit holdings on issues

---

[5]But see United States v. Phillips, 817 F.3d 567, 569-70 (8th Cir. 2016) (following Olsson but making no mention of Bell).

bind all district courts in the circuit and district courts must follow those holdings until reversed by the Eighth Circuit en banc or the United States Supreme Court).

## IV. Conclusion

Under the Supreme Court's holding in Johnson, movant's Missouri conviction for second-degree burglary no longer qualifies as a violent felony. As a result, movant has established that his sentence is "in excess of the maximum authorized by law," see 28 U.S.C. § 2255(a), because he does not have three ACCA predicate offenses to qualify for the statutory enhancement. Movant is therefore entitled to be resentenced.

Accordingly,

**IT IS HEREBY ORDERED** that movant Eddie Taylor, Jr.'s Motion to Vacate, Set Aside, or Correct Sentence is **GRANTED**. [Doc. 1]

**IT IS FURTHER ORDERED** that the judgment and commitment in United States v. Eddie Taylor, Jr., No. 1:04-CR-213 CAS, filed August 15, 2005 (Crim. Doc. 89) is **VACATED**.

**IT IS FURTHER ORDERED** that the United States Probation Office shall promptly prepare an updated presentence investigation report on Mr. Taylor. Movant is granted a new sentencing hearing, to be set as soon as the presentence investigation report is completed. Until the sentencing hearing, Mr. Taylor's detention order (Crim. Doc. 7) remains in full force and effect.

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to docket a copy of this Memorandum and Order in the criminal case, No. 1:04-CR-213 CAS.

/s/ Charles A. Shaw
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  30th  day of November, 2016.